UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TAHEEN SCOTT,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name John
Doe being fictitious, as the true names are presently unknown),

                                  Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**12 Civ 2598**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiff, TAHEEN SCOTT, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff is an African-American male and was at all relevant times a citizen of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On September 1, 2010, at approximately 2:30 a.m., plaintiff TAHEEN SCOTT was lawfully outside his building at 1026 East 180th Street, County of New York, City and State of New York.

14. At the aforesaid time and place, plaintiff TAHEEN SCOTT had just left his apartment and was about to walk out of his building, when, at the front entrance to his building, the defendant police officer approached plaintiff and falsely accused him of committing robbery by stating, "someone was robbed, I think you did it."

15. In response, plaintiff TAHEEN SCOTT stated to the defendant police officer, "That is impossible. I just came downstairs to go look for my friend's mother."

16. Immediately thereafter, other defendant police officers arrived and asked if plaintiff lived in this building, to which plaintiff replied, "Yes, I do, and my mother is home upstairs."

17. The defendant police officers then took plaintiff TAHEEN SCOTT in the elevator and proceeded to go up to the floor where he lives.

18. Thereafter, the defendant police officers told plaintiff TAHEEN SCOTT's mother that her son had committed robbery.

19. At no time on September 1, 2010, or at any other time, did plaintiff TAHEEN SCOTT commit robbery.

20. Thereafter, without a warrant, defendant police officers unlawfully searched plaintiff TAHEEN SCOTT's apartment, but did not uncover any contraband or evidence of illegal activity.

21. Notwithstanding the lack of any incriminating evidence, defendants falsely arrested plaintiff TAHEEN SCOTT and charged him with Robbery.

22. In connection with this arrest, defendant police officers filled out false reports and forwarded these reports to the New York County District Attorney's Office.

23. As a result of his unlawful arrest, plaintiff TAHEEN SCOTT spent approximately seven (7) days in jail, missed eight (8) days of school, and was required to make multiple court appearances for over eight (8) months to defend himself against the false charges which defendants had filed against him.

24. Notwithstanding the defendant police officers' unlawful and perjurious conduct, all charges against plaintiff TAHEEN SCOTT were dismissed on May 16, 2011.

25. Prior to this incident, plaintiff TAHEEN SCOTT, an 18 year-old school student, had never before been arrested and had never had any dealings whatsoever with the criminal justice system.

26. As a result of the foregoing, plaintiff TAHEEN SCOTT sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

29. All of the aforementioned acts deprived plaintiff TAHEEN SCOTT of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in

violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of defendants' aforementioned conduct, plaintiff TAHEEN SCOTT was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants misrepresented and falsified evidence before the District Attorney.

38. Defendants did not make a complete and full statement of facts to the District Attorney.

39. Defendants withheld exculpatory evidence from the District Attorney.

40. Defendants were directly and actively involved in the initiation of criminal proceedings against TAHEEN SCOTT.

41. Defendants lacked probable cause to initiate criminal proceedings against plaintiff TAHEEN SCOTT.

42. Defendants acted with malice in initiating criminal proceedings against plaintiff TAHEEN SCOTT.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff TAHEEN SCOTT.

44. Defendants lacked probable cause to continue criminal proceedings against plaintiff TAHEEN SCOTT.

45. Defendants acted with malice in continuing criminal proceedings against TAHEEN SCOTT.

46. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

47. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on May 16, 2011, when all charges against him were dismissed.

48. As a result of the foregoing, plaintiff TAHEEN SCOTT sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The aforementioned individual defendants issued legal process to place plaintiff TAHEEN SCOTT under arrest.

51. The aforementioned individual defendants arrest plaintiff TAHEEN SCOTT in order to obtain a collateral objective outside the legitimate ends of the legal process.

52. The aforementioned individual defendants acted with intent to do harm to plaintiff TAHEEN SCOTT, without excuse or justification.

53. As a result of the foregoing, plaintiff TAHEEN SCOTT sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" as if the same were more fully set forth at length herein.

55. Defendants created false evidence against plaintiff TAHEEN SCOTT.

56. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

57. In creating false evidence against plaintiff TAHEEN SCOTT, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

58. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other

physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" as if the same were more fully set forth at length herein.

60. Defendants arrested and incarcerated plaintiff TAHEEN SCOTT in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff TAHEEN SCOTT.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TAHEEN SCOTT as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff TAHEEN SCOTT as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff TAHEEN

SCOTT was incarcerated unlawfully for one day.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff TAHEEN SCOTT.

68. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff TAHEEN SCOTT's constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiff TAHEEN SCOTT of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

70. As a result of the foregoing, plaintiff TAHEEN SCOTT is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff TAHEEN SCOTT demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

New York, New York
April 2, 2012

         BY: _____/S/_____
            JON L. NORINSBERG (norinsberg@aol.com)
            Attorney for Plaintiff
            225 Broadway, Suite 2700
            New York, N.Y. 10007
            (212) 791-5396